UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
WILLIAM BRIAN PHAIR,

                Plaintiff,

   -against-

SUFFOLK COUNTY CORRECTIONAL FACILITY,

                Defendant.
------------------------------------------------------------------X

FILED
CLERK

2:39 pm, Jun 26, 2020

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

ORDER
19-CV-3302 (GRB) (LB)

GARY R. BROWN, United States District Judge:

      On June 3, 2019, then-incarcerated *pro se* plaintiff William Brian Phair ("plaintiff") filed a complaint in this Court together with an application to proceed *in forma pauperis*. However, plaintiff did not file the required Prisoner Litigation Authorization form ("PLRA"). Accordingly, by Notice of Deficiency also dated June 3, 2019 (the "Notice"), plaintiff was instructed to complete and return the enclosed PLRA within fourteen (14) days in order for this case to proceed. (See Docket Entry 3.) On June 13, 2019, mail sent to plaintiff at his address of record, including the Notice, was returned to the Court marked "undeliverable" and "discharged return to sender." (See Docket Entries 6-8.) On June 16, 2020, this case was reassigned to the undersigned and a copy of the docket reflecting this reassignment was mailed to plaintiff at his address of record. On June 22, 2020, it too was returned to the Court. (Docket Entry 9.) To date, plaintiff has not filed the PLRA nor has he communicated with the Court in over a year since his June 3, 2019 filing. Additionally, plaintiff has not updated his address with the Court.

      The federal courts are charged with taking measures "to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962). "If the plaintiff fails to prosecute or to comply with the[] [Federal] [R]ules [of Civil Procedure] or a court order," the district court may dismiss the

complaint. Rule 41(b). "The district court also has the power under [Rule] 41(b) to dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute." *Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995). "Although not explicitly authorized by Rule 41(b) [of the Federal Rules of Civil Procedure], a court may dismiss a complaint for failure to prosecute *sua sponte*." *Zappin v. Doyle*, 756 F.App'x 110, 111-12 (2d Cir. 2019) (summary order).

When considering "dismissal for failure to prosecute [or] dismissal pursuant to [Rule] 41(b) for failure to comply with an order of the court," a district court principally examines these factors: 1) the duration of plaintiff's failures or non-compliance; 2) whether plaintiff had notice that such conduct would result in dismissal; 3) whether prejudice to the defendant is likely to result; 4) whether the court balanced its interest in managing its docket against plaintiff's interest in receiving an opportunity to be heard; and 5) whether the court adequately considered the efficacy of a sanction less draconian than dismissal. *Baffa v. Donaldson, Lufkin & Jenrette Secs. Corp.*, 222 F.3d 52, 62-63 (2d Cir. 2000); *see also Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996). No one factor is dispositive. *Nita v. Conn. Dep't of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994).

In addition, all litigants, even those acting *pro se,* have a "duty to diligently pursue [their] case and to inform th[e] Court[] . . . of any change of address." *Thornton v. Moroney*, 13-CV-8912, 2014 WL 2805236, at *2 (S.D.N.Y. June 20, 2014). Indeed, "[t]he duty to inform the Court and defendants of any change of address is 'an obligation that rests with all *pro se* plaintiffs.'" *Alomar v. Recard*, 07-CV-5654, 2010 WL 451047, at *2 (S.D.N.Y. Feb. 9, 2010) (quoting *Handlin v. Garvey*, 91-CV-6777, 1996 WL 673823, at *5 (S.D.N.Y. Nov. 20, 1996)); *see also English v. Azcazubi*, 13-CV-5074, 2015 WL 1298654, at *2 (E.D.N.Y. Mar. 20, 2015) ("[W]hen a party, even a *pro se* litigant, changes addresses, it is that party's obligation to notify

the Court of the new address."). As is readily apparent, a case cannot proceed unless the Court and defense counsel are able to contact the plaintiff. *Pagan v. Westchester Cnty.*, 12-CV-7669, 2014 WL 4953583, at *5 (S.D.N.Y. Oct. 1, 2014) ("Absent valid contact information, the Court cannot apprise the plaintiffs of their obligations in or the status of their case, and the litigation cannot proceed without their participation."). If a *pro se* litigant fails to keep the Court apprised of his or her current mailing address, "the Court may dismiss the action under Rule 41(b) [of the Federal Rules of Civil Procedure], for failure to prosecute." *Mercedes v. New York D.O.C.*, 12-CV-2293, 2013 WL6153208, at *2 (S.D.N.Y. Nov. 21, 2013); *Thornton*, 2014 WL 2805236, at *2.

      Here, plaintiff has failed to file the PLRA and has not kept his address current with the Court. Since plaintiff's June 3, 2019 filing of the complaint, he has not contacted the Court and all mailings from the Court to plaintiff at his address of record have been returned. Given that over one year has elapsed since plaintiff last communicated with the Court, the first factor weighs in favor of dismissal. The second factor also favors dismissal because, although the Court has attempted to place plaintiff on notice, its means of doing so is limited because plaintiff has not kept his address current although the Court's notices have been posted on the Court's Electronic Case Filing System. The third factor also weighs in favor of dismissal because when a plaintiff has unreasonably delayed, prejudice to the defendants may be presumed. *See Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982). Since plaintiff has shown no interest in moving this case forward, the Court's need to reduce docket congestion outweighs the plaintiff's right to be heard in this case. *See, e.g.*, *Caussade v. United States*, 293 F.R.D. 625, 631 (S.D.N.Y. 2013). Indeed, the "efficient administration of judicial affairs - - a consideration

3

vital to the Court's ability to provide meaningful access to other litigants - - depends on the Court's overseeing its docket and guaranteeing that its cases progress with appropriate speed." *Antonios A. Alevizopoulos & Associates, Inc. v. Comcast Int'l Holdings, Inc.*, 99-CV-9311, 2000 WL 1677984, at *3 (S.D.N.Y. Nov. 8, 2000). Thus, this factor, too, weighs in favor of dismissal under Rule 41(b) of the Federal Rules of Civil Procedure.

Finally, lesser sanctions are not appropriate under the circumstances. Although "[a] district judge should employ [Rule 41(b) dismissal] only when he is sure of the impotence of lesser sanctions," *Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 665 (2d Cir. 1980), plaintiff has left the Court little choice other than to dismiss his complaint pursuant to Federal Rule of Civil Procedure 41(b). However, given plaintiff's *pro se* status, together with the fact that the Court's communications have been returned, the Court finds that dismissal without prejudice is appropriate here. Accordingly, the complaint is dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b). The Clerk of the Court is directed to enter judgment and mark this case closed.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962). The Clerk of the Court shall post this Order on the Court's Electronic Case Filing System. Although it may be futile, the Clerk of the Court is also directed to mail a copy of this Order to the *pro se* plaintiff at his last known address.

**SO ORDERED**.

_____
Gary R. Brown
United States District Judge

Dated: June 26, 2020
Central Islip, New York